## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Georgiou Family Trust, et al., | Case No. 2:21-cv-01060-JCM-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Phillip V. Ruthen, et al., | |
| Defendants. | |

Before the Court is Defendant Shaw Industries, Inc.'s motions to seal and redact (ECF Nos. 27, 30). Shaw moves to seal exhibits and redact portions of its motions to comply with a confidentiality provision in the Agreement for the Purchase and Sale of Property (Purchase Agreement) attached to its motions and underlying the claims at issue. Because no other party has opposed the motions and because the Court finds good cause, it grants the motions. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.   Discussion.**

The Court grants Shaw's motions to seal. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at 1183. Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court recognizes that the need to protect medical privacy has qualified as a 'compelling reason' for sealing records in connection with a dispositive motion."

*Williams v. Nevada Dep't of Corrections*, No. 2:13-cv-941-JAD-VCF, 2014 WL 3734287, at *1 (D. Nev. July 29, 2014). Additionally, the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to granting of the motion. LR 7-2(d).

Here, the Court grants both motions to seal because the other parties have not responded to either and because Shaw seeks to seal documents and information protected under a provision of the Purchase Agreement to avoid defaulting under that agreement. Shaw explains that the exhibits and portions of the motions it seeks to seal "confidential information as it reflects the negotiations between Shaw and Suncrest for the sale of a manufacturing plant". (ECF Nos. 25 at 2; 30 at 2). Shaw also explains that it is seeking to file these motions and exhibits under seal to comply with the confidentiality provision of the Purchase Agreement to avoid default. *See id.* Because Shaw has established a compelling reason to seal—to avoid default under the Purchase Agreement and to protect confidential information—and because the other parties have consented to the motions by not responding, the Court grants the motions.

**IT IS THEREFORE ORDERED** that Shaw's motions to seal (ECF Nos. 27, 30) are **granted.**

DATED: October 25, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE