UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGIOU FAMILY TRUST, et al., | Case No. 2:21-CV-1060 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| PHILLIP V. RUTHEN, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Georgiou Family Trust, Byron Georgiou—as an individual and trustee of the Georgiou Family Trust—and Benjamin Hill Realty, LLC's (collectively "plaintiffs") motion to extend time (ECF No. 43) to file responses to defendants Phillip V. Ruthen's ("Ruthen"), Shaw Industries, Inc.'s ("Shaw"), and L. Lake Jordan's ("Jordan") (collectively "defendants") individual motions to dismiss or transfer venue (ECF Nos. 22, 24, 25, 26, 29) (collectively "defendants' motions"), or, in the alternative, to strike defendants' motions as moot in light of the filing of plaintiffs' first amended complaint (ECF No. 41).  Ruthen and Shaw each filed a response in which they did not oppose plaintiffs' motion to extend time but opposed the motion to strike.  (ECF Nos. 45, 51).  Jordan filed a joinder to both Ruthen's and Shaw's responses.  (ECF No. 53).  No reply has been filed, and the time to do so has passed.

Also before the court is defendants' joint motion to extend time to file replies to plaintiffs' oppositions to defendants' motions.  (ECF No. 55).

**I.    BACKGROUND**

Plaintiffs commenced this lawsuit on June 4, 2021, by filing a complaint for violation of the Securities Exchange Act, breach of fiduciary duty, and breach of contract, *inter alia*.

James C. Mahan
U.S. District Judge

1  (ECF No. 1).  On September 17, 2021, defendants filed separate motions to dismiss the complaint or—for defendants Shaw and Jordan—to transfer venue since some of the factual allegations in the case occurred outside the District of Nevada.  (*See* ECF Nos. 1, 22, 24, 25, 26, 29).  The court granted two stipulations to extend the deadline for plaintiffs to respond to defendants' motions from an initial deadline of October 1, 2021, to October 29, 2021.  (ECF Nos. 37, 39).

In lieu of responding by the deadline, plaintiffs elected to file an amended complaint on October 29, 2021.  (ECF No. 41).  Plaintiffs simultaneously filed an "ex parte"[1] motion to request another extension to file their responses by November 1, 2021, or, in the alternative, dismiss defendants' motions as moot based on the newly filed amended complaint.  (ECF No. 43).  Plaintiffs proceeded to file their responses to defendants' motions on November 1, 2021.  (ECF Nos. 47–50).

## II.  DISCUSSION

Since defendants do not oppose plaintiffs' request for an additional extension of time (*See* ECF Nos. 45, 51, 53), and with good cause appearing, the court GRANTS plaintiffs' motion to extend the deadline to November 1, 2021, to file their responses to defendants' motions, *nunc pro tunc* (ECF No. 43).  And since the court has yet to decide on the legitimacy of plaintiffs' first amended complaint, the court DENIES plaintiffs' motion in the alternative to strike defendants' motions as moot.  (ECF No. 43).

The court considers defendants' joint motion to extend time to file replies to plaintiffs' oppositions to defendants' motions.  (ECF No. 55).  The parties dispute whether defendants had until November 8, 2021, or November 15, 2021, to file their replies.

The discrepancy stems from the automatic docket-generated reply deadline of November 8, 2021—triggered by plaintiffs' oppositions filed on November 1, 2021—and the

---

[1] Plaintiffs label this motion "ex parte" in their filing.  An ex parte motion is a motion or application that is filed with the court "but is not served on the opposing or other parties."  LR IA 7-2.  It appears that this motion (ECF No. 43) has been served on "all counsel of record" in the case.  (ECF No. 43-1).  Therefore, the court treats this as a standard motion.  The court does not believe this distinction materially impacts the analysis.

**James C. Mahan**
**U.S. District Judge**

one-week extension previously stipulated to by the parties, which should have generated a new deadline of November 15, 2021.  (ECF No. 39 at 3).  When defendants contacted plaintiffs to file an additional stipulation clarifying the agreed-upon—and court-ordered—one-week extension, plaintiffs refused.  (ECF No. 55 at 213).

LR IC 3-1(d) provides that filing deadlines listed in the court electronic filing system are "provided as a courtesy only" and "[t]o the extent these deadlines conflict with a court order, the court order controls."

According to the court's order granting the parties' stipulation of extension of time (ECF No. 39), defendants were explicitly granted "an additional week from the statutory [r]eply deadline to file and serve their replies after [p]laintiffs file[d] their responses." (*Id.* at 3).  Thus, the court's order controls and the initial reply deadline for defendants is November 15, 2021.

Defendants also move this court to grant an *additional* week extension to file their replies since some of defendants' counsel unexpectedly will be in depositions the week of November 15, 2021.  (ECF No. 55 at 6).

Requests for extensions of time made before the applicable deadline are generally "granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–9 (9th Cir. 2010). This liberal construction of Federal Rule of Procedure 6(b) is to "effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983).

Defendants filed their request for an extension before the applicable deadline and, based on the filings before the court, the court does not find any bad faith on the part of defendants. Moreover, given the four weeks of extensions previously granted to plaintiffs to file their responses (ECF Nos. 37, 39), the court does not find any prejudice to plaintiffs arising from an additional one-week extension for defendants to file their replies.[2]

---

[2] The court notes that defendants did not oppose a *third* extension of time when plaintiffs requested an additional day to file their responses to defendants' motions even though plaintiffs

**James C. Mahan**
**U.S. District Judge**

- 3 -

Accordingly, defendants' joint motion to extend time to file their replies to plaintiffs' oppositions is GRANTED. (ECF No. 55). The new reply deadline shall be November 22, 2021, for all defendants.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' "ex parte" motion (ECF No. 43) be, and the same hereby is, GRANTED in part and DENIED in part. Specifically, plaintiffs' request to extend time to file responses to defendants' motions is GRANTED, *nunc pro tunc*, and plaintiffs' request in the alternative to strike defendants' motions as moot in light of plaintiffs' first amended complaint is DENIED.

IT IS FURTHER ORDERED that defendants' joint motion to extend time to file their replies to plaintiffs' oppositions to defendants' motions (ECF No. 55), be, and the same hereby is, GRANTED. Defendants shall have until November 22, 2021, to each file a reply.

DATED November 17, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

assured the court and the parties that the prior (second) extension would be the "second and last request" to extend time. (ECF No. 39 at 2, ll. 12-13).

**James C. Mahan**
**U.S. District Judge**

- 4 -