UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGIOU FAMILY TRUST, et al., | Case No. 2:21-CV-1060 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| PHILLIP V. RUTHEN, et al., | |
| Defendant(s). | |

Presently before the court are defendants Phillip V. Ruthen's ("Ruthen") and Shaw Industries, Inc.'s ("Shaw") countermotions to strike plaintiffs Georgiou Family Trust, Byron Georgiou—as an individual and trustee of the Georgiou Family Trust—and Benjamin Hill Realty, LLC's (collectively "plaintiffs") first amended complaint. (ECF Nos. 46, 52). Co-defendant L. Lake Jordan filed a joinder to both countermotions. (ECF No. 53). Plaintiffs responded in opposition (ECF No. 54), to which Shaw filed a reply (ECF No. 59). No other replies were filed, and the time to do so has passed.

Also before the court is defendants Ruthen, Shaw, and Jordan's (collectively "defendants") joint motion to stay the deadline to respond to the amended complaint. (ECF No. 56).

Also before the court is defendant Shaw's motion to dismiss the amended complaint (ECF No. 61).

I.  **BACKGROUND**

Plaintiffs commenced this lawsuit on June 4, 2021, by filing a complaint for violation of the Securities Exchange Act, breach of fiduciary duty, and breach of contract, *inter alia*. (ECF No. 1). On September 17, 2021, defendants filed separate motions to dismiss the

**James C. Mahan**
**U.S. District Judge**

complaint or—for defendants Shaw and Jordan—to transfer venue since some of the factual allegations in the case occurred outside the District of Nevada. (*See* ECF Nos. 1, 22, 24, 25, 26, 29).

Plaintiffs filed their first amended complaint on October 29, 2021. (ECF No. 41).

## II.   DISCUSSION

Federal Rule of Civil Procedure 15 provides that a party may amend a pleading once as a "matter of course" within 21 days of serving it. FED. R. CIV. P. 15(a)(1). Parties may also amend within 21 days after service of a responsive pleading or within 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). Later amendments require leave from the court or the opposing party's consent. FED. R. CIV. P. 15(a)(2). District courts have inherent power to control their own dockets, including the power to strike improper items from the docket so as to achieve the orderly and expeditious disposition of cases. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Defendants argue that plaintiffs filed an untimely amended complaint without leave of court and without their consent. Plaintiffs contend, without support, that "[a]s an alternative to opposing and *responding to* a motion to dismiss the original complaint, plaintiff may simply file and serve an amended complaint." (ECF No. 54 at 3) (emphasis in original).

The original complaint was filed on June 4, 2021. (ECF No. 1). On September 17, 2021, defendants filed three motions to dismiss under Rule 12(b), which began the 21-day time period to file an amended pleading. (ECF Nos. 22, 24, 26). Plaintiffs filed their first amended complaint on October 29, 2021, 42 days after the filing of the motions to dismiss. (ECF No. 41). Thus, the amended complaint was filed 21 days too late. FED. R. CIV. P. 15(a)(2).

Plaintiffs erroneously claim that they enjoy a right as a matter of law to file and serve an amended complaint *in lieu* of responding to a motion to dismiss. This is not an accurate reading of Federal Rule of Civil Procedure 15(a).

Plaintiffs further contend that since at least one defendant, Jeffrey W. Stevens, has not responded to the original complaint, "plaintiff[s] may amend complaint [sic] as a matter of course with regard to those defendants that have yet to answer." (ECF No. 54 at 3). Plaintiffs

**James C. Mahan**
**U.S. District Judge**

- 2 -

cite one case in support of this proposition, *Williams v. Savage*, 569 F. Supp. 2d 99 (D.D.C. 2008).

Even assuming, *arguendo*, that this proposition was binding on this court, the argument fails because plaintiffs were still bound by the 21-day deadline to file an amended pleading under Rule 15(a), absent leave of court or consent of the opposing parties. The 21-day deadline had long-since passed by the time the first amended complaint was filed.

Plaintiffs are correct that courts freely give leave to amend when justice so requires, and that the aim of such liberal amendment is to ensure that cases are properly heard on the merits. FED. R. CIV. P. 15(a)(2). However, orderly compliance with the Federal Rules of Civil Procedure is a condition precedent when considering such leave. Here, plaintiffs' filing was rogue and failed to comply with the Federal Rules.

Alternatively, plaintiffs request leave to amend the operative complaint in the event the court strikes the first amended complaint. (ECF No. 54 at 2). Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiffs' request for leave to amend their complaint unless it is filed separately, as a motion.

Accordingly, defendants' countermotions to strike plaintiffs' first amended complaint (ECF Nos. 46, 52, 53) are GRANTED. Plaintiffs may file an amended complaint only with leave of court or by consent of the opposing party.

Because the court strikes plaintiffs' first amended complaint, defendants' joint motion to stay the deadline to respond to the first amended complaint (ECF No. 56) is DENIED as moot. For the same reason, Shaw's motion to dismiss the amended complaint (ECF No. 61) is DENIED as moot.

### III.   CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' countermotions to strike plaintiffs' first amended complaint (ECF Nos. 46, 52, 53), be, and the same hereby are, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1      IT IS FURTHER ORDERED that defendants' motion to stay the deadline to respond to plaintiffs' first amended complaint (ECF No. 56), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant Shaw's motion to dismiss plaintiffs' first amended complaint (ECF No. 61), be, and the same hereby is, DENIED as moot.

The clerk shall strike plaintiffs' first amended complaint (ECF No. 41) from the docket.

DATED November 19, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -