UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Georgiou Family Trust, et al., | Case No. 2:21-cv-01060-JCM-DJA |
| Plaintiffs, | |
| v. | Order |
| Phillip V. Ruthen, et al., | |
| Defendants. | |

This action arises out of Plaintiffs Georgiou Family Trust, Byron Georgiou, and Benjamin Hill Realty, LLC's allegation that Defendants wrongfully induced Byron Georgiou to invest in a factory located in Georgia. Plaintiffs sue Defendants for damages, alleging violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5; violation of NRS 90.295; breach of fiduciary duty; intentional and negligent fraud; breach of contract; rescission; negligence; accounting; and fraudulent transfer. Plaintiffs move to amend their complaint to address jurisdictional facts, drop a breach of contract claim against Defendant Ruthen, and add a new one for elder abuse. (ECF No. 69). Defendants Shaw Industries, Inc.; Phillip V. Ruthen; and L. Lake Jordan each responded separately. (ECF Nos. 71, 72, 73). Plaintiffs replied in a single filing. (ECF No. 77).

Defendant Jordan also filed a motion to stay discovery. (ECF No. 70). Defendant Shaw Industries filed a notice of non-opposition and joinder. (ECF No. 74). No other party responded.

Because the Court finds that the Federal Rule of Civil Procedure 15 factors weigh in favor of amendment, it grants Plaintiffs' motion to amend. Because the Court finds that Jordan has carried his burden of demonstrating that discovery should be stayed, it grants Jordan's motion to stay discovery. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

This case arises out of Plaintiffs allegations that, in 2017, Ruthen, a Florida resident, created a Georgia company, Suncrest Fitzgerald, LLC. (ECF No. 1 at 2, 6). Suncrest Fitzgerald then purchased a factory in Georgia from Shaw. (*Id.* at 7). Ruthen then changed the name of Suncrest Fitzgerald to Benjamin Hill Realty and began looking for an investor. (*Id.*).

Ruthen met Georgiou, who he informed about the opportunity to buy the Georgia factory and to become the sole manager and paymaster for Benjamin Hill Realty. (*Id.* at 7-8). Georgiou accepted and Jordan, a Georgia attorney, was retained to complete the deal. (*Id.*). As part of the deal, Benjamin Hill Realty was converted into a Nevada company, Georgiou became its sole managing member, and Benjamin Hill took title to the factory. (*Id.*) However, Plaintiffs allege that Ruthen fraudulently represented himself as Benjamin Hill Realty's manager, transferred the factory back to Shaw, and continued to demand money from Georgiou. (*Id.* at 11). Plaintiffs assert that at no point did Ruthen or Jordan advise Georgiou, the Georgiou Family Trust, or any Georgiou Family Trust representative that the factory had been re-conveyed back to Shaw. (*Id.*).

Plaintiffs filed their complaint in the District of Nevada on June 4, 2021. (ECF No. 1). After the parties extended deadlines, Ruthen, Jordan, and Shaw moved to dismiss. (ECF Nos. 22, 24, and 26). When those motions were docketed, the deadline for a discovery plan and scheduling order was triggered for November 1, 2021. (*Id.*). Plaintiffs then filed an amended complaint—without first moving to amend—on October 29, 2021. (ECF No. 41). The parties missed the November 1, 2021 deadline to file a discovery plan and scheduling order.

Shaw and Ruthen moved to strike the amended complaint, which motions Jordan joined (ECF Nos. 46, 52, and 53). Shaw moved to dismiss the amended complaint. (ECF No. 61). The Court granted the motions to strike and denied Shaw's motion to dismiss the amended complaint as moot on November 19, 2021. (ECF No. 65).

*A.    Plaintiffs' motion to amend.*

Plaintiffs then moved to amend their complaint on November 22, 2021. (ECF No. 69). They asserted that they have been diligent in seeking to amend but were overwhelmed by Defendants' motion practice. (ECF No. 69-1). Responding to these motions was difficult "given

the impacted schedule of lead counsel Mr. Handal, the illness of associate counsel Pamela Chalk, and the fact that the primary Plaintiff and/or agent for the Plaintiffs Byron Georgiou had to travel out of the country due to the grave illness of a close family member not expected to survive." (*Id.* at 3). They add that Plaintiffs' counsel attempted to meet and confer with Defendants' counsel, without success. (*Id.* at 3-4). Plaintiffs' amendment "addresses the issues raised in the Motions [to dismiss] to include venue and personal jurisdiction issues with additional facts..." (*Id.* at 3). The proposed amended complaint adds facts regarding Ruthen, Shaw, and Jordan's ties to Nevada; a cause of action for elder abuse; and removes the breach of contract action against Ruthen. (ECF No. 69-3).

      Shaw responded first, arguing that Plaintiffs' proposed amendments are futile because the Court cannot exercise jurisdiction over Shaw as it is incorporated and has its principal place of business in Georgia. (ECF No. 71). Shaw explains that certain of Plaintiffs' new allegations improperly attribute business activities belonging to Shaw's parent company—Shaw Industries Group, Inc.—to Shaw. (*Id.* at 9-11). Other amendments about Shaw's activities in Nevada, according to Shaw, portray Shaw's Nevada presence as larger than it is and rely on its use of a registered agent and registration as a foreign corporation in Nevada. (*Id.* at 11-13). Shaw concludes that, if the Court were to accept Plaintiffs' amendments, they are insufficient to demonstrate general or specific jurisdiction over Shaw. (*Id.* at 14-17). Shaw reiterates that Plaintiffs' amendments do not show that it is "at home" in Nevada for the purposes of general jurisdiction. (*Id.*). Nor do the amendments show that Shaw's contacts with Nevada gave rise to the allegations for the purposes of specific jurisdiction. (*Id.*).

      Ruthen makes a similar jurisdictional futility argument in responding, adding that undue delay, bad faith, and prejudice are three other reasons to deny the motion. (ECF No. 72). Ruthen explains that, even taking Plaintiffs' allegations as true, they do not show that the Court has personal jurisdiction over him. (*Id.* at 3). Ruthen argues that he took no acts "aimed at" Nevada. (*Id.*) The fact that he negotiated with Georgiou—a purported Nevada resident—over the factory in Georgia is not sufficient, nor is Ruthen's status as a shareholder in a Nevada corporation—Benjamin Hill Realty—formed after the transaction. (*Id.* at 4). Worse, according to Ruthen,

Georgiou is a resident of California, and only claims to be a Nevada resident. (*Id.*). In the alternative, Ruthen argues that the proposed amended complaint fails to state a claim against Ruthen and thus, would not survive a renewed motion to dismiss. (*Id.* at 5). Plaintiffs have also engaged in undue delay, Ruthen argues, because they do not explain why they did not include their allegations in the first complaint. (*Id.* at 6). Ruthen uses the Plaintiffs' multiple requests for extensions, only to culminate in filing an amendment without first moving for one, to show bad faith. (*Id.*) Ruthen concludes by asserting that he and all the Defendants would be prejudiced by having to litigate "meritless claims that obviously should have been filed in a different forum" if amendment were granted. (*Id.* at 6-7).

Jordan's response also argues that amendment is jurisdictionally futile and adds that Plaintiffs never sought a meet and confer in advance of filing their motion. (ECF No. 73). He explains that, while Plaintiffs added multiple paragraphs addressing jurisdiction over Ruthen and Shaw, they provided only sparse allegations about Jordan. (*Id.* at 6). These sparse amendments, Jordan argues, are based only on a few emails, the Benjamin Hill Realty operating agreement, and the certificate of conversion he filed with the Nevada Secretary of State. (*Id.* at 7). Jordan adds that he is a resident of Georgia and thus, Nevada lacks general jurisdiction over him. (*Id.* at 8). Nevada also lacks specific jurisdiction over him because, as he argues, "there is no evidence that Jordan purposefully directed his activities at residents of the forum, or purposefully availed [himself] of the privilege of doing business in the forum." (*Id.* at 8).

Plaintiffs replied to all three of these responses at once. (ECF No. 77). They reasserted the Ninth Circuit's liberal amendment standards and argue that there is no bad faith, prejudice, or lack of diligence on their part. (*Id.* at 4). They assert that they "were under the belief that the agreed upon extensions of time approved by the Court included allowing for Plaintiffs to choose to amend their complaint." (*Id.*). They re-iterate that illnesses and an impacted schedule necessitated the delay and acknowledged their error in not requesting time to amend their complaint. (*Id.*). They conclude that this is their first requested amendment, that there are no dates yet in this case, no scheduling order has been issued, Defendants are moving to stay discovery, and trial has not yet been set. (*Id.*).

### B. *Jordan's motion to stay discovery.*

On November 23, 2021, Jordan moved to stay discovery. (ECF No. 70). Shaw filed a notice of non-opposition and joinder to Jordan's motion. (ECF No. 74). No other party responded.

## II. Discussion.

### A. *The Court grants Plaintiffs' motion to amend.*

There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that courts should apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight; prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why the court should deny leave to amend. *GMAC Mortgage, LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018).

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 645 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage*, 2018 WL 487101, at *2. (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Applying the public policy favoring amendment and the extreme liberality encouraged by the Ninth Circuit, the Court grants Plaintiffs' motion to amend. While certain factors under the Rule 15(a) test are a closer call, the Court does not find futility, as the Defendants have argued, to

be the determinative factor. The first factor weighs in favor of amendment. Although Ruthen argues that Plaintiffs have been acting in bad faith, as demonstrated by their requests for extensions and failure to move to amend, the Court is not convinced that Plaintiffs have been acting intentionally to harm Defendants. Plaintiffs argue, albeit without explanation, that "the impacted schedule of lead counsel Mr. Handal, the illness of associate counsel Pamela Chalk, and the fact that the primary Plaintiff and/or agent for the Plaintiffs Byron Georgiou had to travel out of the country due to the grave illness of a close family member not expected to survive." (ECF No. 69-1 at 3). While these explanations are far from robust, they cut against a finding of bad faith which only Ruthen has argued.

The second factor of undue delay is a far closer call. However, no party has adequately addressed it. Plaintiffs have seemingly missed the fact that they are responsible under Local Rule 26-1 to initiate the Federal Rule of Civil Procedure 26(f) conference, which in turn triggers the deadline for the parties to file a discovery plan and scheduling order. Despite this, the deadline for filing a discovery plan and scheduling order was set by the Court, which deadline all parties missed. The deadlines that would otherwise govern amendment and discovery are thus non-existent. Plaintiffs also provide little explanation to support their argument that they believed prior extensions include the deadline to amend. Nonetheless, Defendants did not raise the fact that the parties have not entered a scheduling order. And while the parties are obligated to follow the local rules and deadlines, this factor is not sufficient grounds on which to deny the motion to amend.

The third factor weighs only slightly in favor of amendment. While prejudice is the touchstone of the analysis, only Ruthen has addressed the prejudice he might face should Plaintiffs be given leave to amend. However, Ruthen's argument that he and other Defendants would be prejudiced by the time and expense of filing new motions to dismiss does not overcome the public policy in favor of amendment. While Ruthen's argument is compelling, the parties have already essentially briefed their motions to dismiss on jurisdictional grounds in their oppositions to amendment. And as discussed more fully in factor four, these arguments are better raised in a motion to dismiss, rather than an opposition to amendment.

The fourth factor weighs in favor of amendment. The Defendants' arguments focused primarily on the futility of amendment. But relief on those grounds is rare. Each Defendant argues, essentially, that no set of facts can be proved under the amendment that would constitute a valid claim or defense because this Court does not have jurisdiction over them. These arguments, attacking the merits of Plaintiffs new claims, are better addressed in a motion to dismiss. This is particularly true because if the Court were to find that the new amendments did not establish its jurisdiction over Defendants, that decision would be case dispositive.

The fifth amendment also weighs in favor of ammendment. This is, technically, Plaintiffs' first attempt to amend their complaint. While their first attempt was unsuccessful, it was a procedural issue, not a merit-based one, that resulted in the amendment being stricken. Because the Rule 15(a) factors weigh in favor of amendment, the Court grants Plaintiffs' motion to amend.

### B. The Court grants Jordan's motion to stay discovery.

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the

potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g.*, *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. *Long v. Aurora Bank, FSB*, No. 2:12-cv-00721-GMN-CWH, 2012 WL 2076842, at *1 (D. Nev. June 8, 2012). Finally, the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to granting the motion. LR 7-2(d).

The Court grants Jordan's motion to stay discovery. Preliminary issues of jurisdiction are currently pending in front of the court. The motions to dismiss that are currently pending, and those Defendants may file to combat Plaintiffs' amended complaint, are thus dispositive of the entire case. No additional discovery is necessary to decide the motions because they seek dismissal. Nor has any party responded to Jordan's motion arguing that discovery is necessary. In taking its preliminary peek—both at the pending motions to dismiss and at the arguments Defendants have levied against Plaintiffs' motion to amend—the Court is not convinced Plaintiffs will overcome Defendants' arguments, although it does not prejudge the outcome. Plaintiffs have also made no argument against a stay and no other party has objected, constituting their consent to granting the motion. LR 7-2(d).

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for leave to amend (ECF No. 69) is **granted.** Plaintiffs shall file and serve their amended complaint as required under Local Rule 15-1.

**IT IS FURTHER ORDERED** that Jordan's motion to stay discovery (ECF No. 70) is **granted**. If Plaintiffs' complaint is not dismissed, the parties must hold their Rule 26(f) conference, which will trigger the parties' obligations to file a discovery plan and scheduling order under Local Rule 26-1.

DATED: January 21, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE